UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS WATSON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:20-CV-756 RLW |
| LAKESIDE ROOFING CO., INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Lakeside Roofing Co., Inc.'s (Lakeside Roofing) Motion for Leave to File Third-Party Petition, which the Court construes has a motion for leave to file a third-party complaint. Plaintiffs did not respond to the motion, and the time to do so has passed.[1]

### Background

This suit involves an alleged breach of contract by Lakeside Roofing for the removal and installation of a roof at Plaintiffs' residence. Plaintiffs also assert claims of negligence and violations of the Missouri Merchandising Practices Act against Lakeside Roofing.[2] In its motion, Lakeside Roofing asserts it subcontracted with a third party, Tushuuz f/k/a Palace Construction, to complete the work at issue in this case. Lakeside Roofing moves to file a third-party complaint

---

[1] In its motion, Lakeside Roofing states that Plaintiffs' counsel has no objection to the motion.

[2] This case was removed from Missouri state court based on diversity jurisdiction under 28 U.S.C. § 1332.

1

pursuant to Rule 14 of the Federal Rules of Civil Procedure against Tushuuz f/k/a Palace Construction to assert claims against it.[3] In its motion, Lakeside Roofing avers that if Plaintiffs sustained any of the damages they allege in the Petition, which Defendant denies, such damages were caused or contributed by the negligent acts or omissions of Tushuuz f/k/a Palace Construction. Lakeside Roofing contends that if it is found liable to Plaintiffs, then Tushuuz f/k/a Palace Construction is liable to Lakeside Roofing for the damages. Lakeside Roofing attached to its motion for leave a proposed "Defendant/Third-Party Plaintiff Lakeside Roofing Co., Inc.'s Third-Party Petition for Contribution and Indemnification Against Third-Party Defendant Tushuuz f/k/a Palace Construction."

### *Discussion*

Rule 14 of the Federal Rules of Civil Procedure governs third-party practice and specifies the circumstances under which a defendant may bring a third-party complaint against a third-party defendant. Rule 14(a) of the Federal Rules of Civil Procedure governs impleader, or third-party practice, and provides: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1).

The Court finds Lakeside Roofing meets the requirements of Rule 14, and the Court will allow Lakeside Roofing to add Tushuuz f/k/a Palace Construction as a third-party defendant to this suit. The Court, however, cannot direct the Clerk of Court to docket Lakeside Roofing's

---

[3] The Court notes that Lakeside Roofing's motion is timely under the Case Management Order.

proposed "Defendant/Third-Party Plaintiff Lakeside Roofing Co., Inc.'s Third-Party Petition for Contribution and Indemnification Against Third-Party Defendant Tushuuz f/k/a Palace Construction." First, the document should be entitled a Third-Party Complaint, not a Third-Party Petition. See Fed. R. Civ. P. 14(a)(1). Second, the case caption is not accurate. Lakeside Roofing is a Defendant/<u>Third-Party</u> Plaintiff (emphasis added). Third, the proposed pleading has an exhibit label and could not have been filed as submitted. The Court grants the motion but will direct Lakeside Roofing to file a corrected Third-Party Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Lakeside Roofing Co., Inc.'s Motion for Leave to File Third-Party Petition, which the Court construes has a motion for leave to file a third-party complaint, is **GRANTED**.   [ECF No. 13]

**IT IS FURTHER ORDERED** that on or before **October 26, 2020,** Lakeside Roofing Co., Inc. shall file a Third-Party Complaint that is consistent with the terms of this Memorandum and Order.

_/s/ Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of October, 2020.